IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MIKE STRINGER**                                                    **PLAINTIFFS**

**VS**                                             **CIVIL ACTION NO.:** 3:18cv-881-TSL-RHW

**AIRGAS USA, LLC d/b/a**
**AIRGAS; AIRGAS NATIONAL**
**CARBONATION d/b/a AIRGAS**
**DRY ICE and JOHN**
**and JANE DOES I-X**                                                **DEFENDANTS**

## COMPLAINT

*JURY TRIAL DEMANDED*

Mike Stringer, Plaintiffs, file the following claims against Airgas USA, LLC d/b/a Airgas; Airgas National Carbonation d/b/a Airgas Dry Ice and John and Jane Does I-X, for discrimination and retaliation in violation of the Americans With Disabilities Act, and the Family Medical Leave Act.

## JURISDICTION AND VENUE

1. Jurisdiction for suits charging discrimination on the basis of a disability is vested in the Court by way of 42 U.S.C. 126, *et seq.*, the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.*, and under 28 U.S.C. § 1331 because of the existence of a federal question.

2. Venue is properly fixed in this division and district as the violations of the Americans With Disabilities Act and Family Medical Leave Act that occurred in Florence, Mississippi.

## PARTIES

3. The Plaintiff Mike Stringer (Mr. Stringer or Plaintiff) is an adult resident citizen of Rankin County, residing at 549 Sunset Lane, Florence, Mississippi 39073.

4. Defendant Airgas USA, LLC d/b/a Airgas is a Delaware Limited Liability Company licensed to do business in the state of Mississippi. This Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent for service of process CT Corporation System. 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendant Airgas National Carbonation d/b/a Airgas Dry Ice is a Delaware Limited Liability Company licensed to do business in the state of Mississippi. This Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent for service of process CT Corporation System. 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

6. The Defendants John and Jane Does I-X are presently unknown individuals and/or business entities that may have liability for claims and damages as alleged herein. If and when any such unknown defendants are discovered, they will be substituted herein.

## FACTS

7. Mr. Stringer worked at Airgas for 10 years and had never missed work until 2017. Mr. Stringer had also received only one verbal warning for not wearing a seatbelt.

8. In or around April of 2017, Plaintiff wife, Patricia, was diagnosed with cancer. Mr. Stringer reported the finding to the Defendants and informed them that he would need to be off for one week every three months to travel to Houston, Texas for Patricia's cancer treatments. Once Defendants were informed of Ms. Stringer's illness, they began retaliating against Mr. Stringer.

9. In early June 2017, Cedric Hasslett had a meeting with Mr. Stringer and told him that he was allegedly not meeting the operational and behavioral expectations of his position. Also, in June of 2017, Mr. Stringer's mother-in-law became ill. His wife, Patricia, was still ill with cancer and was unable to care for Mr. Stringer's mother-n-law, so Mr. Stringer requested to take some time off to take care of his mother-in-law. During the time Mr. Stringer stayed at the hospital with his mother-in-law, he continued to work from the hospital. Mr. Stinger's mother-in-law passed away on June 21, 2017.

10. Mr. Stringer had accumulated three weeks and 21 days of leave. Mr. Stringer used available leave while being off with his wife and his mother-in-law.

11. On or about August 11, 2017, Cedric Haslett sent Mr. Stringer a memo informing Mr. Stringer that he was being demoted from service manager to Lead Tech. Mr. Stringer's pay was also lowered to $25.00 an hour instead of Mr. Stinger staying on his normal salary. Mr. Stringer lost approximately $1,000 a month of pay due to this retaliation by Mr. Haslett.

12. Also, on or around August 15, 2017, Mr. Stinger was given a weekly review of things that needed to be done. The company had also taken away Mr. Stringer's computer and/or his computer "crashed." Therefore, he was unable to submit the month-end reports. Mr. Stringer could not do his job properly without the computer. And, when he mentioned he needed his computer to work from Houston while caring for his wife during cancer treatments, his supervisor told him not to worry about that and his job was secure. He was told he job would be there for him and he should care for his family. Nevertheless, Mr. Stringer was written up and placed on probation for 60 days pending termination on or before October 15, 2017 pending improvement. As stated, Mr. Stringer had no control over getting his reports submitted due to the lack of a

computer.

13. On or about August 22, 2017, Mr. Stringer decided to apply for FMLA Leave due to his wife's illness. Mr. Stringer was approved for FMLA by Cedric Hasslett on August 30, 2017. Mr. Stringer was approved for 12 weeks of FMLA leave. However, Mr. Stringer never used all available FMLA leave. Mr. Stringer had used his accumulated vacation time and sick time for each of the absences he required due to his wife's illness and the time off caring for his dying mother-in-law. Mr. Stringer had approved and unused leave time under the FMLA, which he needed due to the ongoing treatment his wife was getting in Houston, Texas. Patricia is still getting treatment for her cancer as of the filing of this Complaint.

14. On September 30, 2017, Mr. Stringer's brother passed away. Mr. Stringer used vacation time for travel to attend the funeral. As with all time taken off by Mr. Stringer, this was approved. However, on October 6, 2017, on a Saturday, Cedric Hasslett and Tamika Watson from Human Resources called and terminated Mr. Stringer over the telephone in retaliation for taking time off to care for his wife, and for the anticipated time off he would continue to take as approved in order to take his wife to her cancer treatments. Airgas failed to engage in the interactive process under the ADA. Mr. Stringer could have continued to work with reasonable accommodation. He also had available unused FMLA leave and was terminated in violation of the FMLA.

## ADMINISTRATIVE PROCEDURE

15. Mr. Stringer filed a Charge of Discrimination with the Equal Employment Opportunity Commission in which he stated some of the facts upon which this lawsuit is based. On or about September 24, 2018, Mr. Stringer received a Notice of Right to Sue from the U.S.

4

Equal Employment Opportunity Commission which informed him that the EEOC had completed action on the Charge and Mr. Stringer had ninety days in which to file suit. This Complaint is being filed within ninety (90) day period. The Notice of Right to Sue is attached hereto as an Exhibit and incorporated into this Complaint. (*See,* Exhibit "A", Notice of Right to Sue).

## COUNT I – DISCRIMINATION AND RETALIATION UNDER THE ADA

16. All other paragraphs of the complaint are incorporated herein.

17. Mr. Stringer's wife was (and is) seriously ill and needed his help and care to, among other things, travel for cancer treatments requiring time off as set forth herein. The ADA protects workers who need to take time off to care for a disabled spouse. Defendant Airgas approved his time off initially and Plaintiff used his available accumulated sick leave and vacation time to care for his ailing wife and travel for cancer treatments as needed.

18. Ultimately, the decision makers at Airgas grew tired of Mr. Stringer taking off as approved and retaliated against him and ultimately terminated him on or about October 6, 2017.

19. Mr. Stringer never missed work without approval and was capable of continuing to perform the functions of his job while still caring for his disabled wife. Airgas did not attempt to accommodate him or even engage in the interactive process as required under the ADA. Instead, Airgas fired Mr. Stringer in retaliation for exercising his rights under the ADA and discriminated against him by refusing to engage in a reasonable effort to accommodate him. As a result of the unlawful retaliation and wrongful termination in violation of the ADA, Mr. Stringer seeks all damages available under the law.

## COUNT II – DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA

20. Plaintiff incorporates all allegations found elsewhere in the complaint under this cause of action.

21. His wife continued to battle cancer and Mr. Stringer applied for and was approved by Airgas for 12 weeks of FMLA leave on or about August 30, 2017. Mr. Stringer had previously used available sick leave and vacation leave but in light of his wife's illness and ongoing need to travel for cancer treatments, he needed this approved leave to continuing to care for his wife.

22. Mr. Stringer's brother passed away on or about September 30, 2017. He took time off to travel and attend the funeral. As with all other time off, this was approved by Airgas.

23. Nevertheless, Airgas terminated Mr. Stringer on or about October 6, 2017 at a time when he had available FMLA leave and the company knew he would need to continue taking available leave to care for his wife. The termination was discriminatory and unlawful in that it was in retaliation for Mr. Stringer's use of leave available to him under the FMLA with knowledge that he would continue to take this available leave to continue caring for his wife. As a result of the violations under the FMLA, Mr. Stringer has suffered damages and seeks all relief available to him under the FMLA.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs seek all relief permitted under the Americans With Disabilities Act 42 U.S.C. 126, *et seq.*, the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.* and Title VII, including but not limited to reinstatement to Mr. Stringer's employment, all back pay due and any front pay to be awarded, emotional distress and all

compensatory damages, all applicable fringe benefits, costs, including reasonable attorney's fees, and liquidated damages.

Respectfully submitted, this the 21st day of December, 2018.

Respectfully Submitted,

MIKE STRINGER - PLAINTIFF

By: /s/ *John F. Hawkins*
John F. Hawkins

OF COUNSEL:

John F. Hawkins, Esquire (MSB #9556)
HAWKINS | GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com